## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PROFESSIONAL AUDIO DESIGN, INC. d/b/a
AUGSPURGER MONITORS, AUGSPURGER LLC,
and DAVID MALEKPOUR

       Plaintiffs,

 v.

SYMPHONIC ACOUSTICS, AVN SYSTEMS, LLC,
PK PANDEY, GLA AUDIO RESEARCH LLC,
PERCEPTION INC., and GEORGE AUGSPURGER,

     Defendants.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs bring this action seeking damages and injunctive relief due to Defendants'

violations of the Lanham Act and unlawful attempts to usurp Plaintiffs' premier brand of

recording-studio-speaker, AUGSPURGER®, as well as other common law and state law claims.

Plaintiffs also seek a declaratory judgment that they are entitled to continue selling their

AUGSPURGER® brand of recording-studio-speaker and using their AUGSPURGER Marks in

commerce as they have done for decades, and that, contrary to Defendants' claims, Plaintiffs are

not violating the Lanham Act by doing so.

## THE PARTIES

1.      Plaintiff Professional Audio Design, Inc. is a Massachusetts corporation with its

principal place of business at 199 Winter Street, Hanover, Massachusetts 02339 and, at least

since 2010, has also done business as Augspurger Monitors.

2.      Plaintiff Augspurger LLC is a Massachusetts limited liability company with its

principal place of business at 199 Winter Street, Hanover, Massachusetts 02339.  It shares

common ownership with Professional Audio Design, Inc.

3.       Plaintiff David Malekpour is an individual residing in Hanover, Massachusetts.

4.       Upon information and belief, defendant Symphonic Acoustics is an unregistered

and unincorporated company with a principal place of business at 390 Cambridge Street, Rear,

Allston, Massachusetts 01234. Upon information and belief, PK Pandey is an officer, founder, or

agent of Symphonic Acoustics.

5.       Upon information and belief, defendant AVN Systems, LLC ("AVN") is a

Massachusetts limited liability company with a principal place of business at 390 Cambridge

Street, Rear, Allston, Massachusetts 01234.  Upon information and belief, PK Pandey is an

officer, founder, partner, or agent of AVN.  Upon information and belief, the registered agent of

AVN is Debora Galinatti, 390 Cambridge Street, Rear, Allston, Massachusetts 01234.

6.       Upon information and belief, defendant PK Pandey ("Pandey") is an individual

residing in Massachusetts, is an owner, officer, employee, or agent of Symphonic Acoustics and

AVN, and works at 390 Cambridge Street, Rear, Allston, Massachusetts 01234.  At all relevant

times, Defendant Pandey personally participated in the wrongful acts described herein, including

by controlling, approving, and authorizing the wrongful acts of Symphonic Acoustics and AVN.

7.       Upon information and belief, defendant GLA Audio Research LLC ("GLA") is a

Delaware limited liability company formed on or about January 12, 2021, it claims that its sole

member is George Augspurger, its principal place of business is at 1537 Cerro Gordo Street, Los

Angeles, California 90026, and its registered agent is United Corporate Services, Inc., 874

Walker Road, Suite C, Dover, Delaware 19904.  Upon information and belief, Defendant Pandey

has an ownership or other interest in GLA.  Further, upon information and belief, GLA has

contracted with Symphonic Acoustics, AVN, and/or Defendant Pandey to assign or license certain alleged intellectual property rights held by Defendant Augspurger in exchange for payments or other consideration from those Massachusetts-based Defendants.  Upon information and belief, GLA does and will continue to receive substantial revenue from those Massachusetts-based Defendants.

8.      Upon information and belief Perception Inc. ("Perception") is a California corporation with Defendant Augspurger as its President.  Its principal place of business is 1537 Cerro Gordo Street, Los Angeles, California 90026, and its registered agent is GL Augspurger, 1537 Cerro Gordo Street, Los Angeles, California 90026.  Upon information and belief, Perception has contracted with GLA, Symphonic Acoustics, AVN, and/or Defendant Pandey to assign or license certain alleged intellectual property rights held by Defendant Augspurger in exchange for payments or other consideration from those Massachusetts-based Defendants. Upon information and belief, Perception does and will continue to receive substantial revenue from those Massachusetts-based Defendants.

9.      Upon information and belief, George Augspurger is an individual residing at 1537 Cerro Gordo Street, Los Angeles, California 90026. Upon information and belief, Defendant Augspurger has contracted with GLA, Symphonic Acoustics, AVN, and/or Defendant Pandey to assign or license certain alleged intellectual property rights held by Defendant Augspurger in exchange for payments or other consideration from those Massachusetts-based Defendants. Upon information and belief, Defendant Augspurger does and will continue to receive substantial revenue from those Massachusetts-based Defendants.

## JURISDICTION AND VENUE

10.     This action arises under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 28 U.S.C.

§§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

11.     This Court has original jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, as this action arises under the laws of the United States and the Declaratory Judgment Act.  This Court has supplemental jurisdiction over the asserted state and common law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

12.     This Court has personal jurisdiction over Defendant Pandey because he is a resident of and "at home" in Massachusetts (and this District).  This Court has personal jurisdiction over Symphonic Acoustics and AVN because they have principal places of business and are "at home" in Massachusetts (and this District).  This Court has personal jurisdiction over Defendants Augspurger, GLA, and Perception because, directly or through intermediaries, each has transacted business, contracted to supply services, caused tortious injury, regularly done business, derived substantial revenue from services rendered, and committed acts within Massachusetts (and this District) which give rise to this action.  This action arises out of Defendants' contacts with Massachusetts (and this District).  Defendants have availed themselves of the privilege of doing business in Massachusetts.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiffs are residents of this District and a substantial part of the events, acts, or omissions giving rise to Plaintiffs' claims occurred in this District.

14.     Each and every allegation contained in the following paragraphs is incorporated herein.

## FACTUAL BACKGROUND

### PAD and its AUGSPURGER®-Branded Speakers

15.     Professional Audio Design, Inc. and its related company Augspurger LLC

(individually and collectively, "PAD") is in the business of designing, manufacturing, and/or selling audio equipment, including audio speakers and amplifiers, as well as audio speaker systems comprising audio speakers, transducers, compression drivers, horns, woofers, and tweeters.  PAD also provides related audio speaker tuning services and recording studio design services.

16.     PAD is the designer, manufacturer, and seller of the premier brand of recording-studio-speaker in the global market, AUGSPURGER®.  For many years, PAD has designed, manufactured, and sold speakers under its AUGSPURGER® brand, including throughout the United States and in this District.

17.     Around 1998, PAD purchased design drawings for a pair of audio speaker cabinets from Defendant Augspurger.  PAD then built speakers which were started from those design drawings but included several improvements developed by PAD's principal, David Malekpour.  Initial customers were impressed with PAD's audio speakers.  With the increase in customer demand, PAD started making and manufacturing its audio speakers on a larger scale.

18.     In or around 2001, Mr. Malekpour (on behalf of PAD) spoke with Defendant Augspurger and informed him of PAD's intention to market and sell the speakers PAD developed under the AUGSPURGER® brand.  In response, Defendant Augspurger stated that he had no interest in the speaker manufacturing business and had no objection to PAD's plans. PAD therefore has been selling AUGSPURGER®-branded audio speakers in commerce since at least 2001.

19.     In 2004, Mr. Malekpour of PAD again contacted Defendant Augspurger to purchase design drawings for a set of vertical speakers.  PAD informed Defendant Augspurger that it intended use those drawings, along with its PAD's modifications, to manufacture, sell, and

install speakers under its AUGSPURGER® brand at Integrated Studios in New York, NY. Defendant Augspurger did not object to PAD's plan.  Indeed, Defendant Augspurger sold his design drawings to PAD.

20.     PAD's AUGSPURGER®-branded speakers installed at Integrated Studios were a hit, and PAD began receiving numerous inquiries for similar speakers.  Because of the popularity of those speakers, PAD sought to increase its advertising of those speakers, including on its website.  Before doing so, Mr. Malekpour of PAD again spoke with Defendant Augspurger (also in 2004) to inform him of PAD's plan to increase advertising for its AUGSPURGER®-branded speakers, including on its website.  During the conversation, Mr. Malekpour made it clear that PAD's speakers were, and would continue to be, called "Augspurger" monitors (*i.e.,* audio speakers).  Defendant Augspurger raised no issue with PAD's plan.

21.     Consequently, PAD increased its advertising efforts for its AUGSPURGER®-branded speakers, including on its website, and has continued to advertise its AUGSPURGER®-branded speakers through present.  Among other things, PAD advertised its AUGSPURGER®-branded speakers on the website, www.augspurgermonitors.com (from approximately 2010 to 2012) and on the website, www.augpsurger.com (from approximately 2012 through present). Those advertisements and offers for sale have been publicly available, as well as open and notorious, in numerous forums, including throughout the United States and in this District.

22.     In 2010, Mr. Malekpour and Defendant Augspurger spoke again.  During the conversation, Mr. Malekpour offered Defendant Augspurger an ownership interest in PAD. Defendant Augspurger declined, and again informed Mr. Malekpour that he did not want to be involved in the speaker manufacturing business.  Nor did Defendant Augspurger voice any objection to PAD's marketing and sale of its AUGSPURGER®-branded speakers.

23.     In or about 2010, PAD displayed and advertised its AUGSPURGER®-branded speakers at an annual industry conference hosted by the Audio Engineering Society ("AES").  In 2011, also PAD displayed and advertised its AUGSPURGER®-branded speakers at an annual industry conference hosted by the National Association of Music Merchants ("NAMM").  From 2010 through the present, PAD has routinely displayed and advertised its AUGSPURGER®-branded speakers at various industry conferences, including AES and NAMM.

24.     Upon information and belief, Defendant Augspurger was appointed a fellow of AES in 1977, has regularly attended (and presented at) AES annual conferences, and has also regularly attended NAMM's annual conferences.  Upon information and belief, Defendant Augspurger attended AES and NAMM conferences at which PAD marketed and displayed its AUGSPURGER®-branded speakers.  Defendant Augspurger never told PAD or Mr. Malekpour that he objected to PAD's marketing and display of its AUGSPURGER®-branded speakers at the AES and NAMM conferences (or otherwise).

25.     PAD has used AUGSPURGER as a mark in interstate and intrastate commerce (including in this District) continuously since approximately at least 2001.

26.     At least since 2010, PAD has been doing business as "Augspurger Monitors" as a trade name to identify the company ("PAD's Trade Name").  This use of PAD's Trade Name has been public, open, and notorious since at least that time.  Using PAD's Trade Name, PAD promotes, advertises, markets, and publicly displays information about PAD's business and its AUGSPURGER®-branded speakers throughout the United States (and in this District).

27.     PAD's strong reputation for providing quality products and services is associated with PAD's Trade Name.  PAD's use of such trade name in promoting, advertising, marketing, and displaying information about its business has resulted in valuable rights in PAD's Trade

Name, and PAD's Trade Name has become distinctively associated with PAD and its business and has generated substantial goodwill for PAD.  Indeed, AUGSPURGER® is PAD's flagship brand.

28.     Since starting in 1998, PAD has grown tremendously due, in large part, to the success of its AUGSPURGER®-branded speakers.  It has sold numerous AUGSPURGER®-branded speakers, and provided related services, to various celebrity musicians and icons all over the world, including in this District.

29.     PAD has become the premier purveyor of studio-quality speakers in the world, or as one of PAD's satisfied celebrity customers put it, "the Augspurger guys [*i.e.*, PAD] have been the homies for a few years."[1]  Indeed, PAD has garnered a reputation for "always mak[ing] sure [its customers] got the best setup ….  The quality of my home studio has been majorly enhanced by Augspurger overall.  The sound and placement of the speakers is on point, and it's the most important feature of the studio."[2]

### PAD's AUGSPURGER® Marks

30.     In 2016, given the success of its marketing and selling of its AUGSPURGER®-branded speakers, PAD filed a trademark application, U.S. Serial No. 86/941303, with the U.S. Patent & Trademark Office for PAD's AUGSPURGER® mark in connection with "audio speakers" in International Class 9 and for a "standard character mark."  PAD's application published for opposition on December 20, 2016, but no oppositions were filed during the opposition period.  During prosecution, PAD submitted a response to an Office Action stating that its AUGSPURGER® mark had acquired distinctiveness in commerce in connection with

---

[1] "Nobody Beats The Wiz," Vibe.com, https://www.vibe.com/features/editorial/wiz-khalifa-multiverse-interview-1234663312/ (last visited March 22, 2023).
[2] *Id.*

audio speakers, including through PAD's continuous use of the mark in commerce over a number of years.  The U.S. Patent & Trademark Office accepted PAD's statement.

31.     PAD's AUGSPURGER® mark was federally registered on March 7, 2017:



## AUGSPURGER

| Reg. No. 5,154,245 | Professional Audio Design, Inc. (MASSACHUSETTS CORPORATION) |
| Registered Mar. 07, 2017 | 90 Corporate Park Dr. |
| | Pembroke, MA 02359 |
| Int. Cl.: 9 | CLASS 9: Audio speakers |
| Trademark | FIRST USE 10-23-2011; IN COMMERCE 10-23-2011 |
| Principal Register | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR |
| | SEC.2(F) |
| | SER. NO. 86-941,303, FILED 03-15-2016 |
| | KIMBERLY MORGAN RAY, EXAMINING ATTORNEY |

*See* Exhibit 1, which is incorporated herein by reference.

32.     PAD's AUGSPURGER® federally registered mark, *i.e.,* Registration No. 5,154,245 (the "Federal AUGSPURGER® Mark") has been in continuous use since (at least) its registration date and that registration is in full force and effect.

33.     The Federal AUGSPURGER® Mark was duly and legally issued, is valid and subsisting, and constitutes *prima facie* evidence of such mark's validity.

34.     On or about the time that the Federal AUGSPURGER® Mark issued, PAD granted its related company, Augspurger LLC, which manufacturers AUGSPURGER®-branded speakers for PAD, the right to use the Federal AUGSPURGER® Mark.

35.     PAD advertises, distributes, and sells audio speakers to consumers (in both intrastate and interstate commerce, including in this District) under the Federal AUGSPURGER® Mark.

36.     PAD has also acquired common law rights in the use of its AUGSPURGER™ mark throughout the United States (the "AUGSPURGER™ Mark"), including before the issuance of the Federal AUGSPURGER® Mark, as a result of PAD's extensive and continuous use, as provided herein ("Common Law Rights").  PAD has also granted Augspurger LLC the right to use the AUGSPURGER™ Mark.

37.     Since 2001, PAD has publicly marketed and sold its AUGSPURGER®-branded speakers in various channels and in various ways, including on its website and via its many social media platforms, including www.Facebook.com and www.Instagram.com.  Further, PAD has consistently and publicly exhibited its AUGSPURGER®-branded speakers at the annual AES and NAMM trade shows since at least 2010.  PAD has also created and used numerous written materials in connection with its advertising and promotion its AUGSPURGER®-branded speakers.

38.     As a result of PAD's extensive and continuous use of the Federal AUGSPURGER® Mark and/or the AUGSPURGER™ Mark, and the widespread use of its AUGSPURGER® speakers throughout the music industry, consumers associate those marks with PAD's high-quality speakers and services.  Indeed, consumers know that those marks refer to PAD's products.[3]  There is, on the other hand, no speaker product to associate with Defendant Augspurger because he has never manufactured or sold audio speakers of any kind (nor has GLA or Perception).

39.     PAD has invested a substantial amount of money and has expended significant time and effort advertising, promoting, and developing the Federal AUGSPURGER® Mark, the

---

[3] *See e.g.* "Nobody Beats The Wiz," Vibe.com, https://www.vibe.com/features/editorial/wiz-khalifa-multiverse-interview-1234663312/ (last visited March 22, 2023).

AUGSPURGER™ Mark, and PAD's Trade Name throughout the United States and the world, including in this District.  As a result of such advertising and promotion, PAD has established substantial goodwill and widespread recognition in the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name.  Consumers and potential customers, as well as the public at large, associate such marks for audio speakers exclusively with PAD and its products.

40.     To create and maintain such goodwill among its customers, PAD has taken substantial steps to ensure that products bearing the Federal AUGSPURGER® Mark and the AUGSPURGER™ Mark are of the highest quality.  As a result, the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name have become widely known and recognized throughout the United States and the world as symbols of high-quality audio products, including in this District.

41.     As a result of, *inter alia*, the care and skill exercised by PAD in the conduct of its business, the high quality of the goods sold under the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name and the extensive advertising, sale, and promotion by PAD of its products, the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name have acquired secondary meaning in the United States and the world, including in this District.

42.     PAD's use of its Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name has conveyed and continues to convey an immediate idea and source recognition of PAD's products and services that have been created, and the high quality of PAD's products and services, such that PAD's Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name have acquired secondary meaning and to

distinguish PAD's products and services from those offered by other companies and entities.

43.     In the promotion and protection of the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name, PAD considers them to be important and valuable assets.

44.     PAD possesses the exclusive right, both in this District and across the United States to, among other things, use commercially the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's Trade Name and to bar use by any third parties of any confusingly similar marks or trade names.

45.     Those who define the market and potential market have come to recognize the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark and PAD's Trade Name for, *inter alia*, audio speakers made and sold by PAD, and PAD reserves the right and is entitled to such protection under its Federal AUGSPURGER® Mark and its Common Law Rights.

### Defendants Pandey, Symphonic Acoustics, AVN's Wrongful Attempts to Usurp the AUGSPURGER® Brand

46.     Defendant Pandey entered the picture in approximately 2004 or 2005, several years after PAD began advertising and selling its AUGSPURGER®-branded speakers. Beginning at that time, Defendant Pandey, as an employee of Guitar Center,[4] purchased several AUGSPURGER®-branded speakers from PAD.

47.     Unbeknownst to PAD, Defendant Pandey had previously purchased speaker design drawings from Defendant Augspurger and had been attempting, for several years, to "figure[] it out."[5]

_____

[4] "View From The Top: PK Pandey of Symphonic Acoustics," Mix Online, https://www.mixonline.com/live-sound/view-from-the-top-pk-pandey-of-symphonic-acoustics (June 30, 2020).
[5] *Id.*

48.     It was not until after Defendant Pandey purchased PAD's AUGSPURGER®-branded speakers, however, that he was able to bring a speaker to market.  Upon information and belief, Defendant Pandey reverse engineered PAD's AUGSPURGER®-branded speakers to develop his own speaker.

49.     Upon information and belief, Defendant Pandey left Guitar Center to found AVN in approximately 2015.  AVN's certificate of organization on file with the Massachusetts Secretary of State states that it was organized on January 19, 2016.[6]

50.     Symphonic Acoustics and AVN compete with PAD in the market for, among other things, audio speakers and recording studio design services.

51.     Beginning with the launch of his companies in approximately 2015 or 2016 and continuing through present, Defendant Pandey, Symphonic Acoustics, and AVN (individually and collectively, the "Symphonic Defendants") have waged a wrongful multi-front attack on PAD and its AUGSPURGER®-brand.

52.     The Symphonic Defendants' improper actions include:  (a) infringing on PAD's Federal AUGSPURGER® Mark, PAD's AUGSPURGER™ Mark, and PAD's Trade Name by falsely advertising and selling so-called "authentic," "real," or "official" AUGSPURGER®-branded products or services; (b) misrepresenting that PAD sells so-called "FRAUDSPURGER"—or fraudulent "AUGSPURGER®"—products or services; (c) inciting PAD's customers, prospects, and vendors to boycott it based on the false narrative that the Symphonic Defendants created; (d) directing false and malicious personal attacks at PAD principal, Mr. Malekpour, claiming, among other things, that he is a "conman who stole and

_____

[6] According to the Massachusetts Secretary of State, AVN was "administratively dissolved" on June 20, 2021, but was "reinstated" on July 16, 2021.

conned his way into the business"; and (e) funding and otherwise causing Defendant Augspurger—who sold his designs to PAD decades ago with the knowledge that PAD would build its AUGSPURGER® brand—to seek cancelation of PAD's Federal AUGSPURGER® Mark.

53.     The Symphonic Defendants' actions have no legitimate business purpose.  They are the desperate attempts of an inferior competitor to improperly usurp the premier brand in the marketplace.

*Symphonic Defendants' Infringement of the AUGSPURGER Marks*

54.     The Symphonic Defendants have misrepresented to the public, in myriad ways, that they sell or install AUGSPURGER®-branded speakers or similar audio equipment.

55.     Symphonic Acoustics sells and offers for sale in interstate commerce (and in this District) audio speakers, such as studio monitors, including via its website www.symphonicacoustics.com.  It offers, among other things, the "2XH Custom Studio Monitor," the "2XV Custom Studio Monitor," and the "1XV Custom Studio Monitor." Symphonic Acoustics falsely claims that these studio monitors, and all of its audio products, are "authentic Augspurger":



*See* Symphonic Acoustics, Symphonicacoustics.com, https://symphonicacoustics.com/ (last visited March 22, 2023).

56.     AVN sells and offers for sale in interstate commerce (and in this District) speakers and audio equipment, including via its website (www.avnsys.com). AVN also performs recording studio design, and associated services, in connection with its sale and use of those products. AVN falsely claims that it sells, and performs associated services for "Augspurger Evolution" branded speakers, which AVN falsely refers to as "our" brand:



*See* Our Brands, Avnsys.com, https://avnsys.com/about-avn-sys/our-brands/ (last visited March 22, 2023) (red circle added).

57.     Upon information and belief, such falsely designated "Augspurger Evolution" branded speakers include, at least, the "2XH Custom Studio Monitor," the "2XV Custom Studio Monitor," and the "1XV Custom Studio Monitor," although it may include other and additional products.

58.     Upon information and belief, the Symphonic Defendants created, own, and operate an entity called "Augspurger Evolution," which falsely purports to be "Authorized

Augspurger Monitor Manufacture and Design Group."  Upon information and belief,

"Augspurger Evolution" is located at the same address (390 Cambridge Street, Allston,

Massachusetts 02134) as Defendant Pandey, Symphonic Acoustics, and AVN, and has the same

web address (www.augspurgerevolution.com) as appears on AVN's web site:



*See, e.g.,* Augspurger Evolution, Yellowplace.com, https://yellow.place/en/augspurger-
evolution-allston-usa (last visited March 22, 2023).

      59.    Upon information and belief, the Symphonic Defendants have registered and are

operating the website "www.augspurgerevolution.com."  That website is linked to AVN's main

website (including via the "Augspurger Evolution" link, identified above).

      60.    Upon information and belief, the Symphonic Defendants have registered and are

operating the website "www.augspurgermonitor.com" (*i.e.,* the singular form of PAD's website

"www.augspurgermonitors.com"), which redirects to the Symphonic Defendants' website

www.augspurgerevolution.com.

      61.    Upon information and belief, the Symphonic Defendants have registered and are

operating the website "www.augspurgerofficial.com," which redirects to Symphonic Acoustics'

website (www.symphonicacoustics.com).

62.     Upon information and belief, the Symphonic Defendants intend those websites to confuse consumers seeking to purchase PAD's AUGSPURGER®-branded speakers.

63.     Symphonic Acoustics and AVN's improper branding and marketing efforts are not limited to their websites.  They have, and continue to, falsely advertise on various social media websites, in a way that is directed to potential customers in interstate commerce (and in this District), that they sell, install, and otherwise service "authentic" AUGSPURGER® and "Augspurger Evolution"-branded speakers.  The following examples are illustrative.

64.     On or about June 12, 2017, AVN falsely advertised on Facebook.com that it had installed an "Augspurger Evolution" system at "The Church Studios" recording studio in London, England.  When The Church Studios later purchased other equipment from PAD, it informed PAD that it (incorrectly) believed—based on the Symphonic Defendants' false representations—it had previously purchased AUGSPURGER®-branded speakers.  The Church Studios was unaware it had, in fact, purchased the Symphonic Defendants' knockoff speakers.



*See* AVN Systems, Facebook.com, https://www.facebook.com/avnsys/ (last visited March 22, 2023).

65.     On or about March 5, 2022, Symphonic Acoustics falsely advertised on Facebook.com that it had delivered certain speakers to musician, Pharrell, which it referred to by the misleading hashtag: "authenticaugspurger." *Id.*

66.     On or about July 16, 2022, Symphonic Acoustics, in multiple Facebook.com posts, falsely referred to itself by the hashtags: "authenticaugspurger"; "augspurgermonitors"; and "therealaugspurger".[7]  Also on or about July 16, 2022, Symphonic Acoustics posted a photo on Facebook.com of an "amazing studio in Charlotte, NC" which it falsely claimed was "rocking the Symphonic Augspurger mains!"  Symphonic Acoustics also included the misleading hashtags: "#authenticaugspurger" and "symphonicaugspurger." *Id.*



67.     On or about August 20, 2022, Symphonic Acoustics and AVN, through their

_____

[7] *See* Symphonic Acoustics, Facebook.com, https://www.facebook.com/symphonicacoustics/ (last visited March 22, 2023).

employee or agent, Pablo Reynoso,[8] falsely advertised on Facebook.com that "Symphonic Acoustics [is] the one and ONLY OFFICIALLY LICENSED AUGSPURGER SYSTEMS IN THE WORLD."[9]

68.     In or about October 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, misrepresented to a prospective PAD customer, Alexandre Aung Kaung Myat, that "[t]he only authentic Augspurger systems are made by Symphonic Acoustics [and] if you're interested in a system PK Pandey or myself [sic] can help you out."[10]

69.     On or about October 24, 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, posted an article on Facebook.com "about AES NYC [conference] with a shoutout to Symphonic Acoustics."  Symphonic Acoustics and AVN then falsely referred to Symphonic Acoustics as "the AUTHENTIC AUGSPURGER."  *Id.*

70.     On or about October 28, 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, falsely referred to "new designs and plans for Symphonic Acoustics" with the hashtag "#OfficialAugspurger."  *Id.*

71.     On or about March 1, 2023, the Symphonic Defendants, through a press release, falsely claimed that they are the "only authorized manufacturers of studio monitors based on [George Augspurger's] original, ground-breaking designs."[11]  That representation is false because, among other things, Defendant Augspurger sold design drawings to PAD for the

---

[8] Symphonic Acoustics, on its Facebook.com webpage, lists Mr. Mr. Reynoso as its contact person, with an AVN email address.  *See* Symphonic Acoustics, Facebook.com, https://www.facebook.com/symphonicacoustics/ (last visited March 22, 2023).

[9] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

[10]  *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

[11] *See* "Symphonic Acoustics Announces Official Licensing Agreement with George Augspurger," Twice.com, https://www.twice.com/the-wire/symphonic-acoustics-announces-official-licensing-agreement-with-george-augspurger (March 1, 2023).

purpose of manufacturing AUGSPURGER®-branded speakers nearly two decades ago.

72.    Further, such press release is additional evidence that all representations made before March 1, 2023, by the Symphonic Defendants that they could sell "authentic," "real," "official," or "officially licensed" "Augspurger" speakers, are false. By their own admission, the Symphonic Defendants had no license to do so before March 1, 2023. Such license, in any event, is invalid because PAD owns the Federal AUGSPURGER® Mark and the AUGSPURGER™ Mark.

73.    On information and belief, Symphonic Acoustics and AVN, through Mr. Reynoso or others, have made similar false claims on the social media website, www.Instagram.com.[12] For example, on information and belief, the Symphonic Defendants operate the www.Instagram.com account "Symphonic Monitors." The Symphonic Defendants, through that account, misrepresent that they are the "only Officially Licensed Manufacturer!!" of "Augspurger" speakers.[13]

74.    In addition, upon information and belief, Symphonic Acoustics and AVN falsely tell consumers, such as The Church Studios, that Symphonic Acoustics and AVN's speakers, including their studio monitors, are "Augspurgers" or are "Augspurger Evolution" branded in an attempt to confuse or mislead consumers into thinking that the speakers are, in fact, PAD's premier brand of AUGSPURGER® speakers.

75.    The Symphonic Defendants did not stop at false statements, including those made on Symphonic Acoustics and AVN's websites, on social media, and in other communications to

---

[12] *See* https://www.facebook.com/groups/587172286451562 ("here's the Symphonic Acoustics Instagram Account please like follow and help us spread the word about what's going on in the audio community so no more people get conned by him").
[13] Symphonic Monitors, Instagram.com, https://www.instagram.com/symphonicmonitors/ (last visited March 22, 2023).

consumers.  Rather, they have intentionally and willfully copied the trade dress, look, and feel of

PAD's AUGSPURGER®-branded speakers:

| PAD's product: | Symphonic Acoustics/AVN's product: |
|---|---|
|  Augspurger® Classic |  2XH |
|  Augspurger® Solo |  1XV |
|  Augspurger® Duo |  2XV |

76.    The Symphonic Defendants' improper actions include willfully copying the

modifications and improvements that PAD made over the years to the original designs that it

21

purchased from Defendant Augspurger.  For example, the Augspurger® Duo was entirely

designed by PAD (it was not a design purchased from Defendant Augspurger).  The Symphonic

Defendants, however, created a knock-off version of that speaker (2XV) and intentionally copied

unique design elements that PAD developed.  Similarly, the Symphonic Defendants copied

design elements present in the Augspurger® Classic (for the 2XH) and present in the

Augspurger® Solo (for the 1XV) that PAD created as modifications to designs that were

purchased (in 1998 and 2004) from Defendant Augspurger.

77.     Indeed, the Symphonic Defendants did not bring a speaker to market until after

Defendant Pandey purchased and had the opportunity to reverse engineer PAD's

AUGSPURGER®-branded speakers.

78.     The Symphonic Defendants also falsely advertise PAD's AUGSPURGER®-

branded speakers as their own on their websites.

79.     For example, Symphonic Acoustics and AVN advertise on their websites that they

installed "custom Symphonic Acoustics" speakers at Jungle City recording studio in New York,

NY:



*See* Jungle City Studios, Avnsys.com, https://avnsys.com/avn-sys/jungle-city-studios/ (last

visited March 22, 2023) ("We recommended and installed a custom Symphonic Acoustics monitoring solution for all rooms").



*See* Gallery, Symphonicacoustics.com, https://symphonicacoustics.com/george-augspurger-gallery/ (last visited March 22, 2023).

80.     That advertisement is false and misleading.  The speakers pictured in the above photographs are PAD's AUGSPURGER®-branded speakers.  Defendant Pandey bought the AUGSPURGER®-branded speakers from PAD while he worked at Guitar Center, but, upon information and belief, sold them to Jungle City under the false representation that they were "custom Symphonic Acoustics" speakers.

81.     Similarly, AVN advertises on its website that it installed "custom Symphonic Acoustics" speakers at Oz Studios in New York, NY:



*See* Oz Studios, Avnsys.com, https://avnsys.com/avn-sys/oz-studios/ (last visited March 22, 2023) ("We recommended and installed a custom Symphonic Acoustics monitoring solution for all rooms").

82.     That advertisement is also false and misleading.  The speakers pictured in the above photograph at Oz Studios are PAD's AUGSPURGER®-branded speakers – not "custom Symphonic Acoustics" speakers.  PAD manufactured, sold, and installed the pictured AUGSPURGER®-branded speakers at Oz Studios in approximately 2005, long before Defendant Pandey founded AVN (which filed its certificate of organization in 2016) or Symphonic Acoustics.  Since installation approximately eighteen years ago, PAD has periodically serviced those AUGSPURGER®-branded speakers.  The above-pictured speakers at Oz Studios have no connection to the Symphonic Defendants.

83.     The Symphonic Defendants' characterization of their speakers and their brand infringes on PAD's Federal AUGSPURGER® Mark, its AUGSPURGER™ Mark, and/or PAD's Trade Name.  The Symphonic Defendants' statements are also false, misleading, confusing, and incorrectly suggest that their speakers are associated with PAD, its Federal AUGSPURGER® Mark, its AUGSPURGER™ Mark, and PAD's Trade Name.  The products and services sold by Symphonic Acoustics and AVN are not "authentic," "real," or "official" AUGSPURGER®-branded speakers.  "Augspurger Evolution" and "Augspurger Monitor Manufacture and Design Group" are false designations.  The Symphonic Defendants' speakers have no connection or affiliation with PAD.  Symphonic Acoustics and AVN have not licensed from PAD its Federal AUGSPURGER® Mark, its AUGSPURGER™ Mark, its Common Law Rights, or PAD's Trade Name.  Nor do Symphonic Acoustics and AVN have permission to use PAD's intellectual property.  In other words, Symphonic Acoustics and AVN cannot sell products and services branded or marketed as "AUGSPURGER¨ or with PAD's marks or other intellectual property.

84.     The Symphonic Defendants have long been aware of PAD, its AUGSPURGER®-branded speakers, the AUGSPURGER™ Mark, the Federal AUGSPURGER® Mark, PAD's Trade Name, and other associated intellectual property rights referenced herein.  The infringement of PAD's rights has been intentional, deliberate, and willful.  For example, and without limitation, upon information and belief, the Symphonic Defendants have known about the Federal AUGSPURGER® Mark since at least 2017, and have known about PAD's AUGSPURGER®-branded speakers, the AUGSPURGER™ Mark and/or PAD's Trade Name since at least 2004, when Defendant Pandey purchased AUGSPURGER®-branded speakers from PAD.

*The Symphonic Defendants' Smear Campaign Against PAD and David Malekpour*

85.     The Symphonic Defendants have not only misrepresented that they sell AUGSPURGER®-branded products or services, but also that PAD sells fraudulent "AUGSPURGER" products or services.

86.     Indeed, the Symphonic Defendants improperly refer to PAD's products by the sophomoric moniker "FRAUDSPURGER" and have debased PAD's AUGSPURGER® logo as follows:



*See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023) (Mr. Mr. Reynoso posted that comment on or about August 19, 2022).

87.     Further, the Symphonic Defendants launched a smear campaign of false and

malicious personal attacks against Mr. Malekpour, publicly claiming, among other things, that he is a "conman who stole and conned his way into the business."[14]

88.     Upon information and belief, in approximately March 2021, the Symphonic Defendants created a webpage, titled "George Augspurger Designs," on the website, Facebook.com.

89.     The George Augspurger Designs Facebook page is, according to the Symphonic Defendants (Defendant Pandey and Mr. Reynoso are "Admins" of the webpage), intended as "[a] place to talk and discuss everything related to the real and authentic George Augspurger Designs and Speakers. No Fake Augspurgers Allowed!! Yes that means you David!! [expletive emoji]."



See George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

90.     Upon information and belief, the "David" referenced in the Facebook page is Mr. Malekpour, principal of PAD.

91.     In other words, the Symphonic Defendants intended that Facebook page to mislead consumers into believing that PAD sells "Fake Augspurgers."  The following public

_____

[14] See George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023) (Mr. Reynoso posted that comment on or about August 19, 2022).

comments (which are false) are illustrative.

92.     On or about August 19, 2022, Symphonic Acoustics and AVN, through Mr.

Reynoso, falsely referred to Mr. Malekpour as "a conman who stole and conned his way into the

business [who] claim[s] rights over something he stole and isn't rightfully his" and a "piece of

shit scammer who stole George's [Augspurger] last name, stole George's designs and claims

them as his own and has scammed his way in the industry making millions of dollars peddling

knockoffs":



*See* Pablo Mr. Reynoso, Facebook.com, https://www.facebook.com/pabloMr. Reynoso (last visited March 22, 2023).

93.     On or about August 20, 2022, Symphonic Acoustics and AVN, through Mr.

Reynoso, falsely referred to Mr. Malekpour as a "snake oil salesman" and improperly urged

consumers (which include PAD's current and potential customers) to "Say NO TO

FRAUDSPURGERS."

94.     On or about September 14, 2022, Symphonic Acoustics and AVN, again through

Mr. Reynoso, falsely claimed that "The Fraudster David Ratspurger has struck again!" in

reference to PAD reporting Symphonic Acoustics and AVN to Instagram for improper use of

PAD's AUGSPURGER Marks.[15]  Symphonic Acoustics and AVN, through Mr. Reynoso, then threatened to use Facebook as a means to "let people… know they're being scammed" by PAD and improperly called on group members to "[h]elp us spread the word with everyone in the industry and let's get audio manufacturers to stop doing business with him and Professional Audio Designs."[16]

95.      In or about October 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, falsely claimed that PAD "stole the [Augspurger] name and makes fraudulent copies."[17]

96.      On or about December 9, 2022, Symphonic Acoustics and AVN, through Blake Courtney, an employee of Symphonic Acoustics[18] (and "Moderator" of the "George Augspurger Designs" Facebook.com webpage), falsely claimed—in attempting to publicize a trademark cancelation action that Defendant Pandey, Symphonic Acoustics, and AVN improperly orchestrated—that Mr. Malekpour "base[d] [his] whole business on a Lie, and [got] caught."[19]

97.      On information and belief, Symphonic Acoustics and AVN made similar misrepresentations on the social media website, www.Instagram.com.[20]

98.      The Symphonic Defendants' statements are false.  PAD does not sell fraudulent "AUGSPURGER" products or services.  PAD has not "scammed" or "conned" any customers and has not "stolen" any intellectual property.  To the contrary, PAD built its AUGSPURGER®

---

[15]  *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[16] *Id.*
[17]  *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[18] Blake Courtney is a designer for Symphonic Acoustics. *See* "View From The Top: PK Pandey of Symphonic Acoustics," Mix Online, https://www.mixonline.com/live-sound/view-from-the-top-pk-pandey-of-symphonic-acoustics (June 30, 2020).
[19] *See* George Augspurger Designs, Facebook.com, https://www.facebook.com/groups/587172286451562 (last visited March 22, 2023).
[20] *See* George Augspurger Designs, Facebook.com, https://www.facebook.com/groups/587172286451562 (last visited March 22, 2023) ("here's the Symphonic Acoustics Instagram Account please like follow and help us spread the word about what's going on in the audio community so no more people get conned by him").

brand after consulting with Defendant Augspurger.  Nearly twenty years ago, PAD informed

Defendant Augspurger of its intent to manufacture and sell products under its AUGSPURGER®

brand and Defendant Augspurger agreed to sell PAD design drawings for that very purpose.

PAD made important modifications and improvements to the designs it bought from Defendant

Augspurger, including many that are visible to consumers.

99.     Over the next two decades, PAD then built its AUGSPURGER®-branded

speakers into the premier brand in the market.  PAD owns the Federal AUGSPURGER® Mark,

the AUGSPURGER™ Mark, PAD's Trade Name and has Common Law Rights.  In other words,

PAD is the only entity that can legitimately sell authentic AUGSPURGER®-branded speakers

and services.

100.     The only fraudulent "AUGSPURGER" products on the market are those sold by

the Symphonic Defendants.

*The Symphonic Defendants' Efforts to Incite*
*PAD's Customers, Prospects, and Vendors to Boycott It*

101.     The Symphonic Defendants did not stop at falsely advertising that they sell

"authentic" AUGSPURGER®-branded products and that PAD sells "FRAUDSPURGERs."

They have also incited PAD's customers, prospects, and vendors to boycott it.

102.     For example, in or about August 2022, Symphonic Acoustics and AVN, through

Defendant Pandey, falsely claimed that PAD had "defrauded" its customers, including rap music

icon, Snoop Dogg, and suggested that they take legal action against PAD:



 *See* George Augspurger Designs, Facebook.com,
https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

29

103.    On or about August 20, 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, encouraged PAD's customers and prospects to boycott it by "Say[ing] NO TO FRAUDSPURGERS."[21]

104.    On or about August 22, 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, asked PAD's customers and prospects to "help us spread the word about what's going on in the audio community so no more people get conned by [Mr. Malekpour]."[22]

105.    Symphonic Acoustics and AVN similarly pressured PAD's vendors to terminate their relationships with PAD.  For example, in or about September 2022, Symphonic Acoustics and AVN, through Mr. Reynoso, encouraged audio manufacturers to boycott PAD: "Help us spread the word with everyone in the industry and **let's get audio manufacturers to stop doing business with him and Professional Audio Designs**" in an effort to destroy PAD's business, or, as Mr. Reynoso put it: "Let's Flush Dave the Rat Out [rat emoji] [toilet emoji]." (emphasis added).



*See* George Augspurger Designs, Facebook.com,
https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

---

[21] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[22] *Id.*

106.    In or about September 2022, Symphonic Acoustics and AVN, through Defendant

Pandey, similarly encouraged vendors to cut ties with PAD, stating: "let's see how many vendors

want to continue to do business with [PAD]. Black mark";[23] "[o]ur whole vendor community

should band together with George [Augspurger]" to boycott PAD;[24] and "I have faith in our

audio community, but this takes courage from the vendors who still choose to do biz with

[PAD]."[25]

107.    The Symphonic Defendants also pressured AES to boycott PAD.  In or about

August 2022, the Symphonic Defendants threatened that "the AES will be complicit now if they

don't act" to prohibit PAD from advertising its products and services at the upcoming AES

annual conference.[26]  In September 2022, Symphonic Acoustics and AVN, through Mr.

Reynoso, similarly suggested that AES should ban PAD from its conference: "How come the

AES allows the ratsburger to conduct business at AES trade shows."[27]

108.    Upon information and belief, on or about September 2022, Defendant Pandey,

acting on behalf of himself, Symphonic Acoustics, and AVN, also made misrepresentations

directly to AES president, John Krivit, regarding PAD's so-called "deceit."  In fact, PAD has

rightfully sold its AUGSPURGER®-branded products and services for decades and it is the

Symphonic Defendants who are deceiving the AES.[28]

---

[23]  *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[24] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[25]  *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[26] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[27] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).
[28] *See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

*Trademark Cancellation Action by GLA/Perception/Defendant Augspurger*

109.   In addition to the Symphonic Defendants' social media attacks on PAD and Mr. Malekpour, the Symphonic Defendants developed an improper scheme to attempt to stop PAD from using its AUGSPURGER Marks and to also invalidate PAD's Federal AUGSPURGER® Mark.

110.   The Symphonic Defendants have no standing to challenge PAD's Federal AUGSPURGER® Mark and/or the AUGSPURGER™ Mark or to try and stop PAD from using its own intellectual property.  Thus, they enlisted Defendant Augspurger and his companies to attempt do so.

111.   On or about December 21, 2017, Defendant Augspurger and his audio studio design company, Perception (a company wholly owned by Defendant Augspurger) sent PAD a letter demanding that it cease the use of its AUGSPURGER Marks.  Upon information and belief, the Symphonic Defendants played a role in encouraging Defendant Augspurger to act contrary to his decades-old acquiescence to PAD's marketing and sale of its AUGSPURGER®-branded speakers.

112.   Defendant Augspurger and Perception sent that letter without warning to PAD at its offices in this District.  Indeed, the letter surprised PAD (and contradicted the two-decade history between PAD and Defendant Augspurger) because, among other things:  (a) Defendant Augspurger had sold design drawings to PAD with knowledge that it would use those drawings to manufacture and sell products under its AUGSPURGER® brand; (b) Defendant Augspurger had declined an ownership interest in PAD, and by extension, the AUGSPURGER™ Marks, and PAD's associated intellectual property; and (c) Defendant Augspurger had not raised any issues with PAD's use of the AUGSPURGER Marks in the ensuing two decades.

32

113.    The letter stated that PAD's actions with respect to its AUGSPURGER®-branded speakers and its Federal AUGSPURGER® Mark "are likely to cause consumers to mistakenly believe that [PAD] and [PAD's] goods and services are designed by, approved by, sponsored by, connected with, affiliated by, or otherwise associated with Perception and/or Defendant Augspurger."  According to the letter, PAD's actions "constitute trademark infringement, false advertising, and unfair competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and violations of state and common law," and Perception/Defendant Augspurger "are prepared to defend their trademark and other rights."  The letter also demanded that PAD:  "(1) "cease any and all use, whether by [PAD] or directed by [PAD], of the AUGSPURGER name and trademark in a manner that conveys or is likely to cause consumers to believe that [PAD] or [PAD's] goods and services are designed by, approved by, sponsored by, connected with, affiliated with, approved by, or otherwise associated with Perception and/or [Defendant] Augspurger;" (2) "inform all third parties that have purchased speakers branded with the AUGSPURGER trademark from [PAD] that they must cease using the AUGSPURGER name and trademark in a manner that conveys or is likely to cause consumers to believe that [PAD] or [PAD's] goods and services are designed by, approved by, sponsored by, connected with, affiliated with, approved by, or otherwise associated with Perception and/or [Defendant] Augspurger;" (3) "assign [the Federal AUGSPURGER® Mark] to Perception; and (4) "transfer the domain name augspurger.com to Perception."  The letter also stated that it "is without prejudice to all rights and remedies to which Perception and/or [Defendant] Augspurger may be entitled, all of which are expressly reserved."

114.    Upon information and belief, the Symphonic Defendants encouraged Defendant Augspurger and Perception to send the December, 2017 letter to PAD as part of their scheme to

usurp PAD's AUGSPURGER® brand.  Indeed, the Symphonic Defendants knew about, and had access to, the letter—although it was, purportedly, a private letter among only PAD, Defendant Augspurger, and Perception—and have used it (at least through Defendant Pandey's and Mr. Courtney's acts) as fodder in their effort to feed the false narrative about PAD and turn its customers and potential customers, as well as others in the close-knit community of high-end audio speakers and recording studio consumers, against it:



*See* George Augspurger Designs, Facebook.com, https://facebook.com/groups/587172286451562 (last visited March 22, 2023).

115.    PAD refused to accede to Defendant Augspurger and Perception's demands, which Defendant Augspurger and Perception insisted as a precondition for further discussions between the parties.

116.     As such, at least as of December 21, 2017, there is a substantial dispute between, at least, PAD and Perception/Defendant Augspurger regarding, at least, the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and/or PAD's Common Law Rights for (alleged) "trademark infringement, false advertising, and unfair competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and violations of state and common law" regarding PAD's use of the AUGSPURGER Marks in connection with its goods and services. That dispute is substantial, the parties have adverse interests and the controversy between the parties is both immediate and real.

117.     In addition, at least as of December 21, 2017, Perception/Defendant Augspurger purposefully directed communications at PAD in this District – and had made several threats to PAD – regarding the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and/or PAD's Common Law Rights.  In particular, PAD understood that the letter's statements as to (alleged) "violations of state and common law" could refer to causes of action that could be adjudicated in this District.

118.     Upon information and belief, GLA was formed on or about January 12, 2021. Upon information and belief, the Symphonic Defendants (again) encouraged and assisted Defendant Augspurger to form GLA with the express purpose of seeking to interfere with PAD's business, and its rights to use the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and PAD's other intellectual property rights.

119.     Upon information and belief, on or about February 25, 2021, Defendant Augspurger and Perception purportedly assigned to GLA "all rights title and interest in and to

the AUGSPURGER Marks, together with the goodwill associated with [those m]arks."[29]  As

such, at least by this date, the aforementioned substantial dispute between PAD and

Perception/Defendant Augspurger also included GLA, which now also had an interest adverse to

PAD and a real and immediate controversy with PAD.

120.    Upon information and belief, Defendant Pandey has an ownership or other

interest in GLA.

121.    Upon information and belief, GLA, Perception, and Defendant Augspurger have

granted the Symphonic Defendants a license to GLA's alleged intellectual property, including its

(alleged) rights in the "Augspurger" mark, in exchange for payment.[30]

122.    On or about March 2, 2021, GLA—mere weeks after it was formed—filed a

lengthy petition with the United States Patent & Trademark Office (the "PTO"), Trademark Trial

& Appeal Board (the "TTAB") for cancellation of PAD's Federal AUGSPURGER® Mark (Reg.

No. 5154245), entitled *GLA Audio Research, LLC v. Professional Audio Design, Inc.*,

Cancellation No. 92076611 (TTAB) (the "Cancellation Action").

123.    In the Cancelation Action, the Petitioner, defined as GLA and Defendant

Augspurger, seeks to cancel PAD's Federal AUGSPURGER® Mark on several grounds,

including:  the registration was improperly issued in the name of a living person without consent

(Count I); fraud on the PTO (Count II); falsely suggesting a connection or association between

PAD and Petitioner under the Lanham Act (Count III); likelihood of confusion, actual confusion,

or mistake between GLA's rights in the AUGSPURGER Marks and PAD's Federal

---

[29] Defendant Augspurger and Perception had no interest in the Federal Augspurger® Mark and/or the AUGSPURGER™ Mark to assign.
[30] Symphonic Acoustics Announces Official Licensing Agreement with George Augspurger, Twice.com, https://www.twice.com/the-wire/symphonic-acoustics-announces-official-licensing-agreement-with-george-augspurger (March 6, 2023).

AUGSPURGER® Mark under the Lanham Act (Count IV); and PAD's use of its Federal

AUGSPURGER® Mark "deliberately misrepresent[s] to consumers, especially consumers

familiar with [Defendant Augspurger]" that PAD's "goods" "emanate from the same source as

Petitioner's services" under the Lanham Act (Count V).  *See* Cancellation Action at Docket

No. 1.

124.     The allegations in the Cancelation Action reiterate the allegations that Perception

and Defendant Augspurger made in their December, 21, 2017 letter, which is further support that

the dispute between PAD and GLA/Perception/Defendant Augspurger regarding, at least, the

Federal AUGSPURGER® Mark and "trademark infringement, false advertising, and unfair

competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq*.," is substantial,

that the parties have adverse interests, and that the controversy between the parties is both

immediate and real.

125.     On or about April 12, 2021, PAD filed an Answer to the Petition denying all the

allegations, including but not limited to the allegations that PAD has acted in violation with any

provision of the Lanham Act.  PAD also asserted several affirmative defenses in the Cancellation

Action, including but not limited to, laches (Second Affirmative Defense), acquiescence (Third

Affirmative Defense), estoppel (Fourth Affirmative Defense), waiver (Fifth Affirmative

Defense), license (Sixth Affirmative Defense), Petitioner not having trademark rights "in the

term AUGSPURGER or in an AUGSPURGER-containing term" (Seventh Affirmative Defense),

Petitioner "has never made trade mark use of the term AUGSPURGER or an AUGSPURGER-

containing term, and therefore has no trademark rights to the term" (Eighth Affirmative

Defense).  *See id*. at Docket No. 7.

126.     As part of the Cancellation Action, Petitioner has sought summary judgment on

Count I of the Petition (but not on any of the other Counts).  *See id*. at Docket No. 26.  PAD has opposed that motion.  *Id*. at Docket No. 31.

127.    PAD has filed a cross-motion for summary judgment on Counts I & III-V of the Petition in the Cancellation Action.  *Id*.  In its cross-motion, PAD argued that there is no genuine issue of material fact as to whether Petitioner (*i.e.,* GLA and Defendant Augspurger) unreasonably delayed in bringing the Cancellation Action, which caused economic and evidentiary prejudice to PAD.  Therefore, according to PAD's cross-motion for summary judgment, GLA and Defendant Augspurger are estopped by (at least) laches from bringing (at least) Counts I & III-V of such Petition.  PAD supported its cross-motion with substantial evidence and argument as to GLA and Defendant Augspurger's unreasonable delay, the harm it has caused PAD, and why the TTAB should not allow the Petition.  PAD's briefs in support of its cross motion for summary judgment, which have been filed with the TTAB in the Cancellation Action, are incorporated by reference as if fully set forth herein.  *See id*.; *id*. at Docket No. 36.

128.    Petitioner has filed an opposition to PAD's cross-motion for summary judgment in the Cancellation Action, in which it denied that it had unreasonably delayed in filing the Petition, that any delay caused harm to PAD, and that the Petition should be granted.

129.    As such, the Petition and the Cancellation Action are additional evidence that Defendant Augspurger, and entities ostensibly owned or controlled by him including Perception and/or GLA have a dispute with PAD regarding, at least, the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and/or PAD's Common Law Rights concerning allegations of "trademark infringement, false advertising, and unfair competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and violations of state and common law" regarding

PAD's use of the AUGSPURGER Marks  in connection with its goods and services.  That dispute is substantial, PAD and GLA/Perception/Defendant Augspurger have adverse interests, and the controversy between the parties is both immediate and real.

130.     There are also substantial controversies between PAD and GLA/Perception/Defendant Augspurger whether:  (1) PAD's actions cause, will cause, or have caused, false designations of origin, false descriptions, and dilution within the meaning of 15 U.S.C. § 1125; (2) PAD's Federal AUGSPURGER® Mark is valid in light of GLA's allegations that PAD's registration of such mark was improper, including because it issued in the name of a living person without consent; and (3) whether laches or other equitable doctrine bars GLA/Perception/Defendant Augspurger's sudden attempts to stop PAD from marketing and selling its AUGSPURGER®-branded speakers and service.  Thus, PAD and GLA/Perception/Defendant Augspurger have adverse interests, and the controversy between the parties is both immediate and real.

131.     Upon information and belief, the Symphonic Defendants—who are competitors of PAD—orchestrated and are financing the Cancellation Action as part of their larger scheme to gain an unfair advantage in the market because, if successful (they will not be), they could sell their so-called "Augspurger" speakers without infringing PAD's Federal AUGSPURGER® Mark.[31]

132.     In contrast, there was no legitimate business reason for Defendant Augspurger, Perception, or GLA to have pursued, and incurred the cost of, the Cancellation Action.  Neither

---

[31] GLA and Defendant Augspurger resisted PAD's attempts to ascertain the connection between Defendant Pandey and GLA during discovery in the Cancellation Action. The TTAB granted PAD's motion to compel such information, however, Petitioner has not provided such information to date. As a result of Petitioner filing of its motion for summary judgment, discovery is now stayed in the Cancellation Action.

Defendant Augspurger, Perception, nor GLA manufacture or sell speakers or other audio equipment or use an "Augspurger" mark in commerce. Indeed, Defendant Augspurger previously declined ownership in PAD on grounds he had no interest in the speaker manufacturing business. Defendant Augspurger offers speaker design and acoustical consulting services through Perception. But neither Defendant Augspurger, nor Perception, use an "Augspurger" mark in connection with those services. Instead, they provide those services under the "Perception" brand. For example, all invoices that Perception issued to PAD in Massachusetts include only the "Perception" brand and, when referencing Defendant Augspurger, refer to him solely as "Principal." Further, GLA, upon information and belief, is merely an alter ego of Defendant Augspurger and Defendant Pandey. Upon information and belief, GLA did not sell any goods or services as of the filing of the Cancellation Action. In fact, upon information and belief, its primary activity was to file the Cancellation Action. Thus, cancelling PAD's Federal AUGSPURGER® Mark would provide no financial value to Defendant Augspurger, Perception, or GLA (absent an improper incentive from the Symphonic Defendants).

### The Effect of Defendants' Wrongful Conduct

133.    Defendants' conduct has had its intended effect. That is, the Symphonic Defendants have misled PAD's customers and prospective customers into believing that:  (a) they can purchase AUGSPURGER®-branded products from Symphonic Acoustics and/or AVN; and (b) that PAD sells fraudulent products.

134.    The Symphonic Defendants' wrongful acts have resulted in and is likely to continue to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Symphonic and/or AVN's goods and services.

135.    For example, and as described herein, in approximately 2006, Ann Mincieli,

owner of Jungle City recording studios, told Mr. Malekpour that she believed Defendant Pandey

had built the AUGSPURGER®-branded speakers installed at Jungle City.  As explained, above,

PAD built and installed those speakers.

136.    On information and belief, consumers have been confused and misdirected to the

Symphonic Defendants' website because of the Symphonic Defendants' improper use of the

websites "www.augspurgerevolution.com," "www.augspurgermonitor.com," and

"www.augspurgerofficial.com," which are intentional close cognates or misspellings of PAD's

long-standing websites, "www.augspurger.com" and "www.augspurgermonitors.com."

137.    In or about February 2023, PAD registered for the upcoming NAMM conference.

Upon information and belief, Symphonic Acoustics and AVN also registered for the NAMM

conference in February 2023.  Upon further information and belief, Symphonic Acoustics and

AVN, as part of their registration, informed NAMM that they intended to display "Augspurger"

brand products.  Due to Symphonic Acoustics and AVN's improper and confusing use of the

PAD's AUGSPURGER Marks, the NAMM conference mistakenly attributed Symphonic

Acoustics and AVN's registration information to PAD.

138.    Upon information and belief, Mix Magazine, an audio industry publication,

incorrectly tagged (*i.e.,* linked) the Symphonic Defendants' March 1, 2023, press release under

PAD's AUGSPURGER® brand on Mix's website because of the false and misleading

representations the Symphonic Defendants made in that press release.[32]  As a result, consumers

searching Mix Magazine's website for information about PAD's AUGSPURGER® brand (by

---

[32] *See* "Symphonic Acoustics Announces Official Licensing Agreement with George Augspurger," Twice.com,
https://www.twice.com/the-wire/symphonic-acoustics-announces-official-licensing-agreement-with-george-
augspurger (March 1, 2023).

clicking the "AUGSPURGER" tag) will be improperly directed to the Symphonic Defendants.

139.    Due to the Symphonic Defendants' wrongful actions, PAD has also lost contracts for the sale of its AUGSPURGER®-branded speakers and related services.

140.    For example, in or about May 2022, Limitless Construction contracted with PAD for the purchase and installation of an AUGSPURGER®-branded surround system and related equipment at Long Island University's recording studio.  Upon information and belief, in or about May 2022, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Xavier Garcia, owner of Limitless Construction, which caused it to back out of the deal.  Shortly thereafter, and based on those misrepresentations, Limitless Construction purchased the Symphonic Defendants' knockoff version of PAD's AUGSPURGER®-branded speakers.

141.    Due to the Symphonic Defendants' wrongful actions, PAD has also lost numerous reasonably-anticipated contracts for the sale of its AUGSPURGER®-branded speakers and related services.

142.    For example, in or about 2018, PAD quoted Einnor Studios ("Einnor") in Atlanta, GA for the sale of AUGSPURGER®-branded speakers as well as related studio design services for a total of five recording studios.  Over the course of the next few years, Mr. Malekpour met with Ronnie Jackson, owner of Einnor, multiple times to discuss the logistics of the deal.  Upon information and belief, in or about August 2021, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers

(similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Jackson, including that they could provide Einnor with "custom Augspurgers made by Symphonic Acoustics."[33]  Due to those misrepresentations, PAD lost the sale to Einnor Studios, which instead purchased so-called "custom Augspurgers" and related studio design services from the Symphonic Defendants.

143.    In or about late 2021 or early 2022, Nick Chahwala of Bravo Ocean recording studio in Atlanta, GA contacted Mr. Malekpour for a quote for the sale of AUGSPURGER®-branded speakers as well as related studio design services.  Shortly thereafter, PAD provided a quote to Mr. Chahwala.  Upon information and belief, in or about March 2022, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Chahwala, including that they could provide Bravo Ocean with "[c]ustom Augspurger monitors."[34]  Due to those misrepresentations, PAD lost the sale to Bravo Ocean, which instead purchased so-called "custom Augspurger monitors" and related studio design services from Symphonic Acoustics and AVN.

144.    In or about March 2021 and again in or about July 2022, PAD quoted the Electric Lady studio in New York, NY, through its owner, John Rooney, for the sale of AUGSPURGER®-branded speakers.  Upon information and belief, in or about October 2022, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about

---

[33] Einnor Studios' "Little Ronnie" Jackson Uses Symphonic Acoustics for 'Club Sound' in the Control Room, Symphonic Acoustics.com, https://symphonic-acoustics.hummingbirdmedia.com/einnor-studios-little-ronnie-jackson-uses-symphonic-acoustics-for-club-sound-in-the-control-room-v5r26e (last visited March 22, 2023).
[34] Bravo Ocean Studios Lays Down Roots in Atlanta with Symphonic Acoustics, Symphonic Acoustics.com, https://symphonic-acoustics.hummingbirdmedia.com/bravo-ocean-studios-lays-down-roots-in-atlanta-with-symphonic-acoustics (last visited March 22, 2023).

the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Rooney of Electric Lady. Due to those misrepresentations, PAD lost the sale to Electric Lady, which instead purchased so-called "Augspurgers" from Symphonic Acoustics and AVN.

145.     In or about March 2022, PAD quoted Pedro Villas Silva in Lisbon, Portugal for the sale of AUGSPURGER®-branded speakers and related equipment. Upon information and belief, in or about August 2022, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Silva. Due to those misrepresentations, PAD lost the sale to Mr. Silva, who instead purchased so-called "Augspurgers" from Symphonic Acoustics and AVN.

146.     In or about February 2020, PAD quoted the Mix with the Masters recording studio in Paris, France for the sale of AUGSPURGER®-branded speakers and related equipment. Over the course of the next couple years, Mr. Malekpour spoke with Maxime Le Guil and Nao Mjigal, owners of Mix with the Masters, multiple times to discuss the logistics of the deal. Upon information and belief, in or about April 2021, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Le Guil and/or Mr. Mjigal, including that they could provide Mix with the Masters with

"Genuine Augspurger" speakers.[35]  Due to those misrepresentations, PAD lost the sale to Mix with the Masters, which instead purchased so-called "Genuine Augspurgers" from Symphonic Acoustics and AVN.

147.     In or about April 2022, PAD quoted the Platinum Sound recording studio in New York, NY for the sale of AUGSPURGER®-branded speakers and related equipment.  PAD has a long-standing relationship with Platinum Sound and its owner, Jerry Wonda.  Approximately twenty years ago, PAD sold AUGSPURGER®-branded speakers and provided studio design services to Platinum Sound.  Approximately five years ago, PAD assisted in the renovation of Platinum Sound's studio when it moved locations.  Platinum Sound currently has two sets of AUGSPURGER®-branded speakers installed at its studio, and contacted PAD in or about April 2022, to add a third set of AUGSPURGER®-branded speakers.  Upon information and belief, in or about September 2022, however, the Symphonic Defendants, through Defendant Pandey, made misrepresentations about the authenticity of PAD's AUGSPURGER®-brand and Symphonic Acoustics and AVN's ability to sell and install "Augspurger" speakers (similar to the numerous misrepresentations detailed previously and incorporated herein) to Mr. Wonda, Serge Tsai, and/or Lisa Hershfield, owners of Platinum Sound.  Due to those misrepresentations, PAD lost the sale to Platinum Sound, which instead purchased so-called "Augspurgers" from Symphonic Acoustics and AVN.

148.     As a result of the Symphonic Defendants' wrongful acts, including but not limited to the aforementioned examples, PAD has lost millions of dollars in sales and anticipated sales.

149.     Further, the Symphonic Defendants' wrongful attacks against PAD and Mr.

---

[35] Mix with the Masters Chooses Symphonic Acoustics for Flagship Paris Recording Studio, Symphonic Acoustics.com, https://symphonic-acoustics.hummingbirdmedia.com/mix-with-the-masters-chooses-symphonic-acoustics-for-flagship-paris-recording-studio (last visited March 22, 2023).

Malekpour, personally, have irreparably harmed PAD's and Mr. Malekpour's reputations in the industry.  For example, due to the false narrative constructed by the Symphonic Defendants:  (a) Mr. Malekpour now fields concerns, on a near daily basis, from customers and others in the industry regarding the authenticity of PAD's AUGSPURGER®-branded speakers as well as the public false vitriol spread by the Symphonic Defendants on social media; (b) industry journals have refrained from publishing articles about PAD and its AUGSPURGER®-branded speakers; and (c) certain of PAD's customers have requested that PAD remove reference to such customers in its advertising materials (including on its website).

150.    Plaintiffs will continue to be damaged daily, including irreparably, for as long as the Symphonic Defendants' wrongful acts persist.

## COUNT I
### (Federal Trademark Infringement – 15 U.S.C. § 1114)
### (As Against Symphonic Acoustics and AVN)

151.    PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

152.    PAD is the legal owner of the Federal AUGSPURGER® Mark since its first use, PAD has not abandoned the Federal AUGSPURGER® Mark since its first use, and has been, and the Federal AUGSPURGER® Mark continues to be, in continuous use in interstate and intrastate commerce, including in this District.

153.    Symphonic Acoustics and/or AVN's unauthorized use, reproduction, copying, or colorable imitation of the Federal AUGSPURGER® Mark, including but not limited to as explained herein, has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Symphonic and/or AVN's goods and services.

154.    Symphonic Acoustics and/or AVN's unauthorized use, reproduction, copying, or colorable imitation of the Federal AUGSPURGER® Mark, also has created and likely creates the misconception among consumers that PAD somehow ratifies or authorizes Symphonic Acoustics and/or AVN's use of the Federal AUGSPURGER® Mark and/or that PAD is affiliated in some matter with Symphonic and/or AVN's businesses, when such is not the case.

155.    PAD has not given Symphonic Acoustics and/or AVN permission to use the Federal AUGSPURGER® Mark and PAD, as the owner of the Federal AUGSPURGER® Mark, objects to Symphonic Acoustics and/or AVN's past, and continued, infringing use of the Federal AUGSPURGER® Mark and/or any confusingly similar derivations thereof.

156.    Symphonic Acoustics and/or AVN, through at least Defendant Pandey, is aware of the Federal AUGSPURGER® Mark and that Symphonic Acoustics and/or AVN's use of such mark is unauthorized, but continue to use such mark and/or confusingly similar derivations thereof, Symphonic Acoustics and/or AVN continue to use and exploit, for their own commercial advantage, the Federal AUGSPURGER® Mark to the detriment of PAD as well as the public.

157.    Because Symphonic Acoustics and/or AVN's continued use of the Federal AUGSPURGER® Mark and/or confusingly similar derivations thereof, prevents PAD from exercising exclusive control over its intellectual property rights and because Symphonic Acoustics and/or AVN's continued use of the Federal AUGSPURGER® Mark is likely to cause confusion, mistake, and/or deception as to the source, affiliation, or sponsorship of the goods and service that Symphonic Acoustics and/or AVN advertise, promote and/or sell through the infringing use of the Federal AUGSPURGER® Mark, PAD lacks an adequate remedy at law.

158.    Unless Symphonic Acoustics and/or AVN are enjoined from their infringing use

of the Federal AUGSPURGER® Mark, PAD will continue to sustain irreparable damage.

159.     Pursuant to 15 U.S.C. § 1116(a), PAD is entitled to an order enjoining Symphonic Acoustics and/or AVN from using the Federal AUGSPURGER® Mark to advertise, market, and/or sell Symphonic Acoustics and/or AVN's goods or services.

160.     As a direct and proximate cause of Symphonic Acoustics and/or AVN's infringing conduct, PAD has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. § 1117(a), PAD is entitled to an order requiring Symphonic Acoustics and/or PAD to account to it for any profits and other ill-gotten gains they have derived from the unauthorized and infringing use of the Federal AUGSPURGER® Mark, including as detailed herein and as discovery will likely reveal, and to an order awarding all damages sustained by PAD by reason of such infringing conduct.

161.     Symphonic Acoustics and/or AVN's conduct was and continues to be intentional, willful, and in conscious disregard of PAD's rights.  PAD is therefore entitled to an award of treble damages and/or enhanced profits.

**COUNT II**
**(Infringement of Common Law Trademark)**
**(As Against Symphonic Acoustics and AVN)**

162.     PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

163.     PAD owns all rights, title, and interest in the AUGSPURGER™ Mark, as described above, including PAD's Common Law Rights.

164.     Symphonic Acoustics and/or AVN have infringed and are infringing PAD's Common Law Rights, and rights in the AUGSPURGER™ Mark, at least by using the AUGSPURGER™ Mark in commerce.

165.     Symphonic Acoustics and/or AVN's continued use of the AUGSPURGER™ Mark alone, and in combination with other terms, in violation of PAD's rights is willful.

166.     PAD has been and is being damaged by Symphonic Acoustics and/or AVN's infringement of the AUGSPURGER™ Mark and/or PAD's Common Law Rights.

167.     PAD has suffered due to, at least, the above-described actions or Symphonic Acoustics and/or AVN and will continue to suffer irreparable injury if Symphonic and/or AVN are not enjoined.

**COUNT III**
**(Trade Name Infringement)**
**(As Against Symphonic Acoustics, AVN, and Defendant Pandey)**

168.     PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

169.     Symphonic Acoustics, AVN, and/or Defendant Pandey are infringing PAD's Trade Name, including but not limited to by doing business as "Augspurger Evolution" and/or "Augspurger Monitor Manufacture and Design Group," as referenced herein.

170.     PAD has been and is being damaged by Symphonic Acoustics, AVN, and/or Defendant Pandey's infringement of PAD's Trade Name.

**COUNT IV**
**(Federal Unfair Competition and False Advertising – 15 U.S.C. § 1125(a))**
**(As Against Symphonic and AVN)**

171.     PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

172.     PAD is the legal owner of the Federal AUGSPURGER® Mark and the AUGSPURGER™ Mark since their first uses, has not abandoned such marks since their first uses, and has been, and continues to be, in continuous use in interstate and intrastate commerce.

49

173.    Despite knowledge of PAD's ownership of the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and PAD's Trade Name, among other things, Symphonic Acoustics and/or AVN have made, and continue to make, use in commerce of, at least, the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and PAD's Trade Name and/or confusingly similar derivations thereof without PAD's permission.

174.    Symphonic Acoustics and/or AVN's actions, as well as its intentional copying of the distinctive look and characteristics of PAD's AUGSPURGER®-branded speakers (including as depicted and described above) creates a false association with Symphonic Acoustics and/or AVN on the one hand and PAD and/or PAD's AUGSPURGER®-branded speakers on the other.

175.    Symphonic Acoustics and/or AVN's unauthorized and infringing actions, including as described herein, has caused, and will tend to cause, confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Symphonic Acoustics and/or AVN's goods and services.

176.    Symphonic Acoustics and/or AVN have engaged in fraudulent business practices, false advertising, and unfair competition, including by using the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and PAD's Trade Name and/or any confusingly similar derivations thereof, by falsely claiming their products are associated with PAD and/or PAD's AUGSPURGER®-branded products, and by falsely using PAD's associated goodwill and other intangible rights of PAD without permission in an attempt to pass of Symphonic Acoustics and/or AVN's goods and services as coming from, being sponsored by, and/or affiliated with PAD or its AUGSPURGER® brand, when such is not the case.

177.    Symphonic Acoustics and/or AVN's actions are in direct violation of 15 U.S.C.

50

§ 1125(a), *et seq.*, including false advertising and false designation of source, enabling PAD to all remedies available under the law.

178.   As a direct and proximate result of the foregoing conduct, PAD is entitled to damages against Symphonic Acoustics and/or AVN in amount according to proof at trial, to injunctive relief, and to any and all such other relief the Court deems just and proper under the law.

**COUNT V**
**(Tortious Interference With Existing Contracts)**
**(As Against Symphonic Acoustics, AVN, and Defendant Pandey)**

179.   PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

180.   PAD had existing contracts to sell AUGSPURGER®-branded products and services to customers, including, but not limited to, Limitless Construction.

181.   Symphonic Acoustics, AVN, and Defendant Pandey, knew about PAD's contracts with those customers because those Defendants wrongfully told those customers that they were purchasing fake "Augspurger" products.

182.   Symphonic Acoustics, AVN, and Defendant Pandey induced those customers to breach their contracts with PAD through one or more of the following improper means:  (a) misrepresenting that Symphonic Acoustics and AVN sell "authentic" AUGSPURGER®-brand products or services; (b) misrepresenting that PAD sells so-called "FRAUDSPURGER"—or fraudulent "AUGSPURGER"—products or services; and (c) maligning the honesty and credibility of Mr. Malekpour through false and malicious personal attacks.

183.   Symphonic Acoustics, AVN, and Defendant Pandey also acted with an improper motive, that is, to steal PAD's premier AUGSPURGER® brand, and their social media antics

were malicious, spiteful, and serve no legitimate business purpose.

184.    Symphonic Acoustics, AVN, and/or Defendant Pandey's wrongful interference damaged PAD in the form of lost profits.

185.    Defendants' wrongful interference also damaged PAD's and Mr. Malekpour's reputations.

186.    Defendants' wrongful interference also caused Mr. Malekpour emotional distress.

### COUNT VI
### (Tortious Interference With Potential Business Relationships)
### (As Against Symphonic Acoustics, AVN, and Defendant Pandey)

187.    PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

188.    PAD reasonably anticipated selling AUGSPURGER®-branded products and services to prospective customers, including, but not limited to, Einnor Studios, Bravo Ocean, Electric Lady, Pedro Villas Silva, Mix with the Masters, and Platinum Sound.

189.    Symphonic Acoustics, AVN, and Defendant Pandey knew that PAD reasonably anticipated sales with those prospective customers because they wrongfully told those prospective customers that they were about to purchase fake "Augspurger" products.

190.    Symphonic Acoustics, AVN, and Defendant Pandey induced those prospective customers not to purchase PAD's products and services through one or more of the following improper means:  (a) misrepresenting that Symphonic Acoustics and AVN sell "authentic" AUGSPURGER®-brand products or services; (b) misrepresenting that PAD sells so-called "FRAUDSPURGER"—or fraudulent "AUGSPURGER"—products or services; and (c) maligning the honesty and credibility of Mr. Malekpour through false and malicious personal attacks.

191.     Symphonic Acoustics, AVN, and Defendant Pandey also acted with an improper motive, that is, to steal PAD's premier AUGSPURGER® brand, and their social media antics were malicious, spiteful, and serve no legitimate business purpose.

192.     Defendants' wrongful interference damaged PAD in the form of lost profits.

193.     In addition to the loss of potential sales of AUGSPURGER®-brand speakers, PAD also lost likely sales of additional equipment and studio design services.  PAD's AUGSPURGER®-brand monitors are studio-grade quality.  They are not "off the shelf" products.  Fine tuning, integration with other audio components, and proper placement of the monitors within a studio are required to elicit optimal sound quality.  For those reasons, among others, customers who purchase AUGSPURGER®-brand products frequently purchase additional equipment from PAD and hire PAD to design their studios.  Studio design is a significant undertaking and typically generates revenues for PAD far exceeding the initial sale of equipment.

194.     Symphonic Acoustics, AVN, and Defendant Pandey's wrongful interference also damaged PAD's and Mr. Malekpour's reputations.

195.     Symphonic Acoustics, AVN, and Defendant Pandey's wrongful interference also caused Mr. Malekpour emotional distress.

## COUNT VII
### (Defamation)
### (As Against Symphonic Acoustics, AVN, and Defendant Pandey)

196.     PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

197.     Symphonic Acoustics, AVN, and Defendant Pandey, made written defamatory statements against PAD and Mr. Malekpour.

198.     The written defamatory statements were made publicly, including on the popular social media websites, Facebook.com and Instagram.com.

199.     Those statements included, among other things, that PAD and Mr. Malekpour: are frauds (i.e. "Fraudspurger" and "fraudster[s]"); "stole and conned [their] way into the business" by improperly selling "fake Augspurgers"; are "scammer[s] who stole George [Augspurger's] last name, stole George's designs and claims them as [their] own and [have] scammed [their] way in the industry… [by] peddling knockoffs" (or, similarly, that they "stole the [Augspurger] name and makes fraudulent copies"); are "snake oil salesm[e]n"; and have "base[d] [their] whole business on a Lie."

200.     The written defamatory statements were false statements of fact.  PAD stole nothing.  PAD built its AUGSPURGER® brand after consulting with Defendant Augspurger.  Nearly twenty years ago, PAD informed Defendant Augspurger of its intent to manufacture and sell products under its AUGSPURGER® brand and Defendant Augspurger agreed to sell PAD design drawings for that purpose.  Over the next two decades, PAD then built its AUGSPURGER®-branded speakers into the premier brand in the market.  PAD owns the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and has Common Law Rights.  In other words, PAD is the only entity that sells authentic AUGSPURGER® products and services.

201.     The written defamatory statements were malicious, spiteful, and serve no legitimate business purpose.

202.     Symphonic Acoustics, AVN, and Defendant Pandey's statements are actionable per se because they impute misconduct to and have prejudiced PAD and Mr. Malekpour in their business.

203.     Mr. Malekpour's reputation was damaged as a result of Symphonic Acoustics,

54

AVN, and Defendant Pandey's defamatory statements.  PAD's and Mr. Malekpour's honesty and integrity in business have been questioned by their customers (including customers who have asked PAD to remove them from its advertising materials), prospective customers, and the industry as a result of Symphonic Acoustics, AVN, and Defendant Pandey's defamatory statements.  In addition, industry journals have refrained from publishing articles about PAD and its AUGSPURGER®-branded speakers due to the defamatory statements.

204.    As a result of Symphonic Acoustics, AVN, and Defendant Pandey's defamatory statements, PAD has lost profits, and suffered additional monetary and non-monetary harm.

### COUNT VIII
### (Violation of G.L. c. 93A, § 11)
### (As Against Symphonic Acoustics, AVN, and Defendant Pandey)

205.    PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

206.    PAD is engaged in the trade or commerce of audio design and manufacture.

207.    Symphonic Acoustics, AVN, and Defendant Pandey are engaged in the trade or commerce of audio design and manufacture.

208.    Symphonic Acoustics, AVN, and Defendant Pandey  unfairly and deceptively schemed to usurp PAD's AUGSPURGER®-brand through the following acts or practices: (a) infringing on PAD's marks and trade name by falsely advertising and selling so-called "authentic," "real," or "official" AUGSPURGER®-brand products or services; (b) misrepresenting that PAD sells so-called "FRAUDSPURGER"—or fraudulent "AUGSPURGER"—products or services; (c) inciting PAD's customers, prospects, and vendors to boycott it based on the false narrative that Defendant Pandey, Symphonic Acoustics, and AVN created; (d) directing false and malicious personal attacks at PAD and Mr. Malekpour, claiming,

among other things, that he is a "conman who stole and conned his way into the business"; and (e) funding and otherwise causing Defendant Augspurger—who sold his designs to PAD decades ago with knowledge that PAD would build its AUGSPURGER® brand—to seek cancelation of PAD's Federal AUGSPURGER® Mark.

209.    Symphonic Acoustics, AVN, and Defendant Pandey's scheme is an unfair method of competition, and their acts and practices serve no legitimate business purpose.

210.    Defendant Pandey personally participated in the unfair and deceptive acts, including by making false and misleading public comments on social media.

211.    Symphonic Acoustics, AVN, and Defendant Pandey's unfair and deceptive acts occurred primarily and substantially in Massachusetts.  They are located in Massachusetts and engaged in and/or authorized the unfair and deceptive acts and practices from their offices in Massachusetts.

212.    PAD was damaged as a result of Symphonic Acoustics, AVN, and Defendant Pandey's unfair and deceptive acts and practices.

213.    Symphonic Acoustics, AVN, and Defendant Pandey's acts and practices were willful and intentional violations of G.L. c. 93A, and Plaintiffs are entitled to triple damages and attorneys' fees.

## COUNT IX
### (Declaratory Judgment of No Lanham Act Violations)
### (As Against GLA, Perception, and Defendant Augspurger)

214.    PAD hereby realleges each and every allegation contained in the foregoing paragraphs as though fully set forth in this claim for relief.

215.    As described in greater detail above, on or about December 21, 2017, Defendant Augspurger and Perception sent PAD a letter stating that PAD's actions with respect to its

AUGSPURGER®-branded speakers and/or its Federal AUGSPURGER® Mark and

AUGSPURGER™ Mark "constitute trademark infringement, false advertising, and unfair

competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and violations

of state and common law," and that Defendants Augspurger/Perception "are prepared to defend

their trademark and other rights."  That letter also demanded, among other things, that PAD stop

using PAD's Federal AUGSPURGER® Mark and AUGSPURGER Mark, to assign PAD's

federal registration for its Federal AUGSPURGER® Mark and demanding PAD transfer the

"augspurger.com" website to Perception.

216.    As also described in greater detail above, GLA/Defendant Augspurger, on or

about March 2, 2021, filed a Petition with the TTAB to cancel PAD's Federal Augspurger®

Mark on several grounds, including:  (1) the registration was improperly issued in the name of a

living person without consent (Count I); fraud on the PTO (Count II); falsely suggesting a

connection or association between PAD and Petitioner under the Lanham Act (Count III);

likelihood of confusion, actual confusion, or mistake between GLA's (alleged) rights in the

"AUGSPURGER [m]arks" and PAD's Federal Augspurger® Mark under the Lanham Act

(Count IV); and PAD is using its AUGSPURGER Marks to "deliberately misrepresent to

consumers, especially consumers familiar with [Defendant Augspurger]" that PAD's "goods"

"emanate from the same source as Petitioner's services" under the Lanham Act (Count V).  The

Petition seeks to cancel the Federal AUGSPURGER® Mark and also alleges violations of the

Lanham Act that repeat the allegations and claims made in December, 2017 letter that

Perception/Defendant Augspurger to PAD.

217.    PAD has denied that the TTAB should cancel the Federal AUGSPURGER® Mark

in response to such Petition, and all of the allegations regarding supposed violations of the

Lanham Act.

218.    PAD continues to make and sell products under its Federal AUGSPURGER®

Mark and the AUGSPURGER™ Mark and PAD's Common Law Rights, including its

AUGSPURGER®-branded speakers and associated products and services.  PAD's actions do not

infringe or interfere with any rights of GLA, Perception, and/or Defendant Augspurger,

including any rights under the Lanham Act, and PAD intends to continue selling its products and

services in the future.

219.    There is no likelihood of trademark infringement, false advertising, or unfair

competition (or any other tort), including within the meaning of 15 U.S.C. §§ 1114, 1125,

between PAD's use of the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, and

other above-described conduct, with any legitimate trademark or rights that GLA, Perception,

and/or Defendant Augspurger may have because, among other reasons, PAD has a right to use its

Federal AUGSPURGER® Mark and the AUGSPURGER™ Mark and such marks are valid and

enforceable; PAD's use of its Federal AUGSPURGER® Mark and the AUGSPURGER™ Mark

(among other conduct) has meant that it has acquired a distinctive secondary meaning that is

solely associated with PAD; GLA, Perception, and/or Defendant Augspurger unreasonably

delayed in any asserting any of their rights regarding the Federal AUGSPURGER® Mark, the

AUGSPURGER™ Mark, PAD's Common Law Rights, and PAD's Trade Name, and are

prevented from doing so by the doctrines of latches, acquiescence, and waiver.

220.    PAD is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 because

there is an actual and justiciable controversy over whether PAD's actions "constitute trademark

infringement, false advertising, and unfair competition, among other torts, under the Lanham

Act, 15 U.S.C. § 1051, *et seq.*, and violations of state and common law" and because GLA is

seeking to cancel the Federal AUGSPURGER® Mark via the Cancellation Action.

221.    PAD seeks a declaration that no right, title, or interest of GLA, Perception, and/or

Defendant Augspurger, including but not limited to in the Federal AUGSPURGER® Mark or in

PAD's use of the AUGSPURGER™ Mark, prohibits PAD from selling its products and services

using such marks, asserting PAD's Common Law Rights, using PAD's Trade Name, and/or from

PAD selling AUGSPURGER®-branded speakers and services.

**COUNT X**
**(Declaratory Judgment of Non-Cancellation of Registration No. 5,154,246)**
**(As Against GLA and Defendant Augspurger)**

222.    PAD hereby realleges each and every allegation contained in the foregoing

paragraphs as though fully set forth in this claim for relief.

223.    PAD's Federal AUGSPURGER® Mark (Registration No. 5,154,246) is valid and

enforceable and has been in continuous use since (at least) its registration date and that

registration is in full force and effect.

224.    As described in greater detail above, GLA/Defendant Augspurger has filed a

Petition for Cancellation of the Federal AUGSPURGER® Mark on several grounds, including:

(1) the registration was improperly issued in the name of a living person without consent (Count

I); fraud on the PTO (Count II); falsely suggesting a connection or association between PAD and

Petitioner under the Lanham Act (Count III); likelihood of confusion, actual confusion, or

mistake between GLA's (alleged) rights in an AUGSPURGER mark and PAD's Federal

AUGSPURGER® Mark under the Lanham Act (Count IV); and PAD is using its Federal

AUGSPURGER® Mark to "deliberately misrepresent to consumers, especially consumers

familiar with [Defendant Augspurger]" that PAD's "goods" "emanate from the same source as

Petitioner's services" under the Lanham Act (Count V).

225.    PAD has denied all grounds of the Petition, and that the TTAB should cancel the Federal AUGSPURGER® Mark.

226.    As part of the Cancellation Action, GLA has sought summary judgment on Count I of the Petition (but not on any of the other Counts).

227.    In addition, PAD has filed a cross-motion for summary judgment on Counts I & III-V of the Petition in the Cancellation Action, which is incorporated herein by reference.  In its cross-motion, PAD argued that there is no genuine issue of material fact as to whether "Petitioner" (which is defined as GLA and Defendant Augspurger) unreasonably delayed in bringing this cancellation action, which caused economic and evidentiary prejudice to PAD. Therefore, according to PAD, GLA/Defendant Augspurger is estopped by laches from bringing (at least) Counts I & III-V of such Petition.   PAD supported its motion with substantial evidence and argument as to GLA/Defendant Augspurger's unreasonable delay, the harm it has caused PAD, and why the TTAB should not allow the Petition.

228.    Petitioner has filed an opposition to PAD's cross motion to summary judgment in the Cancellation Action, in which it denied that it had unreasonably delayed in filing the Petition, that any delay caused harm to PAD, and that the Petition should be denied.

229.    This Court has authority, under 15 U.S.C. § 1119, to make a determination as to whether a federal trademark registration should be cancelled.

230.    PAD is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 because there is an actual and justiciable controversy over the validity of the Federal AUGSPURGER® Mark and whether such mark should be cancelled in light of the arguments raised in the Petition and in PAD's cross motion for summary judgment.

231.    PAD seeks a declaration that its Federal AUGSPURGER® Mark is valid and that

GLA/Defendant Augspurger should be precluded from seeking cancellation of such mark because, among other reasons, they unreasonably delayed in filing the Petition with the TTAB, which caused economic and evidentiary harm to PAD, thereby triggering a dismissal on the basis of latches.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all claims herein so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendants providing the following relief:

A.      Enjoin Defendant Pandey, Symphonic Acoustics and AVN, including all partners, officers, agents, servants, employees, attorneys and all those persons and entities in active concert or participation with Defendant Pandey, Symphonic, and AVN from:

a.   using or attempting to use any of Plaintiffs' intellectual property, including the Federal AUGSPURGER® Mark, the AUGSPURGER Mark™, PAD's Common Law Rights, and/or PAD's Trade Name;

b.   using, reproducing, copying, and/or colorably imitating the Federal AUGSPURGER® Mark in violation of 15 U.S.C. § 1114;

c.   using the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and/or PAD's Trade Name, or confusing similar variations thereof, in connection advertising, marketing, or selling audio speakers or otherwise in connection with their business;

d.   engaging in any false or misleading advertising, marketing, and or/selling

61

of any of Symphonic and/or AVN's speaker products, including by referring to such speakers as "authentic Augspurgers," "Augspurger Evolution," "Augspurgers," and/or using www.augspurgerevolution.com, www.augspurgermonitor.com, www.augspurgerofficial.com, and any other website that uses, in the URL, "augspurger," or via a company that does business as "Augspurger Evolution" or otherwise uses "Augspurger" as part of the company name;

e.   engaging in any activity constituting unfair competition with PAD, including by not limited to any activity relating to the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and/or PAD's Trade Name, that falls within the ambit of 15 U.S.C. § 1125(a);

f.   defaming Plaintiffs or otherwise making false or misleading statements about Plaintiffs;

g.   continuing to perform in any manner the acts complained of in this Complaint; and

h.   inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B.   Award Plaintiffs their damages suffered as a result of Defendants' acts and any other damages that Plaintiffs are entitled to by any applicable law;

C.   Enter judgment that Defendant Pandey, Symphonic Acoustics and AVN's infringement of Plaintiffs' intellectual property rights, including but not limited to the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and/or

PAD's Trade Name, has been knowing and willful;

        D.      Award three times damages as provided by law pursuant to 15 U.S.C. § 1117 and/or as provided by any applicable law;

        E.      Award three times damages and attorneys' fees pursuant to M.G.L. c. 93A;

        F.      Enter a judgment declaring that PAD, through its use of its intellectual property (e.g., the Federal AUGSPURGER® Mark, the AUGSPURGER™ Mark, PAD's Common Law Rights, and/or PAD's Trade Name) and sale of its AUGSPURGER®-branded speakers, has not violated and is not violating any rights of GLA, Perception, and/or Defendant Augspurger relating to  "trademark infringement, false advertising, and unfair competition, among other torts, under the Lanham Act, 15 U.S.C. § 1051, *et seq*" and Counts III-V of the Petition in the Cancellation Action;

        G.      Enter a judgment under 15 U.S.C. § 1119 declaring the Federal AUGSPURGER® Mark should not be, and is not, cancelled, order GLA and/or Defendant Augspurger to withdraw or dismiss the Petition (in its entirety) filed with the TTAB in *GLA Audio Research, LLC v. Professional Audio Design, Inc.*, Cancellation No. 92076611 (TTAB) and/or in any other action before the TTAB , and declare that any contrary ruling from the TTAB is null and void;

        H.      Award PAD its reasonable attorneys' fees in bringing this action as allowed by law;

        I.      Award PAD pre-judgment and post-judgment interest in the maximum amount allowed by law;

        J.      Award PAD costs incurred in bringing this action; and

        K.      Award PAD other relief as this Court deems just and proper.

**PROFESSIONAL AUDIO DESIGN, INC. d/b/a
AUGSPURGER MONITORS, AUGSPURGER
LLC, and DAVID MALEKPOUR**

By its attorneys,

/s/ Benjamin M. Stern
Benjamin Stern (BBO # 646778)
bstern@nutter.com
Michael Leard (BBO # 681468)
mleard@nutter.com
Sara Lonks Wong (BBO # 693907)
slonkswong@nutter.com
Nutter McClennen & Fish LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:      (617) 439-2000
Facsimile:      (617) 310-9000

March 22, 2023

5897932